(No. 3394— )

OSWALD JAEGER BAKING COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 10, 1939.*

CLAIMANT, pro se.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant is a foreign corporation, having its principal office in Milwaukee, Wisconsin. According to its claim, it is

engaged in operating its bakery trucks in inter-state commerce between the State of Wisconsin and the State of Illinois; that on the 9th day of January, A. D. 1939, it paid to the State of Illinois, through the office of the Secretary of State, the sum of One Hundred Eight ($108.00)· Dollars for license fees for nine automobile trucks operated by it in Wisconsin and in Illinois, and received therefor nine Illinois license plates to be affixed to its said trucks.

Claimant recites that it was in error in applying for such Illinois licenses for the reason that under the reciprocal agreement existing between Illinois and Wisconsin, the former does not require that the Wisconsin trucks carry an Illinois license while engaged in inter-state operation if hauling their own merchandise and if the gross weight of such truck is under eight thousand (8,000) pounds; that the gross weight of each of the trucks in question was less than eight thousand (8,000) pounds and that such trucks were in fact engaged in hauling its own commodities in inter-state operation.

The Attorney General has filed a motion to dismiss the complaint for the reason that the claim on its face seeks a refund of a motor vehicle registration fee which has been paid voluntarily and without protest, and that such payment was made under a mistake of law.

We have repeatedly held that the State of Illinois in establishing its Court of Claims merely provided a forum in which claims against the State might be heard, and that the court cannot properly recommend an award unless there exists some legal basis upon which the State if it were suable in a court of law, might be held liable.

Cooley, in his work on Taxation (2d ed., p. 809) states the rule as follows:

"That a tax voluntarily paid cannot be recovered back, the authorities are generally agreed. And it is immaterial, in such a case, that the tax has been illegally laid, or even that the law under which it was laid was unconstitutional. The principle is an ancient one in the common law, and is of general application. Every man is supposed to know the law, and if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as the reason why the State should furnish him with legal remedies to recover it back."

The facts as to the weights of the trucks and the inter-state nature of their traffic were matters within the particular knowledge of claimant. Under the facts recited in the com-

plaint no award could be properly allowed by the court, and the motion of the Attorney General is therefore allowed and the claim dismissed.